

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00128-CR

_____

CHRISTOPHER PAUL ROBERTSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 371st District Court
Tarrant County, Texas[1]
Trial Court No. 1824890, Honorable Brian Bolton, Presiding

February 17, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Christopher Paul Robertson, appeals his conviction for the offense of murder[2] and resulting sentence of fifty years' incarceration. We affirm the judgment of the trial court.

---

[1] This cause was originally filed in the Second Court of Appeals. It was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE § 19.02(b), (c).

## BACKGROUND

On April 19, 2024, Appellant's brother, Eric Robertson, called 9-1-1 to report that Appellant needed medical attention and that his sister-in-law was deceased and her body was located at Appellant's residence. When officers arrived, they immediately smelled decomposition. They discovered the body of Appellant's wife, Kristlynne Robertson, wrapped in a tarp in the back bedroom. Police secured the residence and obtained a search warrant. Appellant was taken to the police station where he gave a statement admitting that he killed his wife but claiming that it had been an accident. Appellant was arrested and charged with murder.

At trial, Appellant sought to admit the statement he made to police indicating that he had killed his wife accidentally. The State objected that this statement is self-serving hearsay. The trial court sustained the State's objection. The jury ultimately found Appellant guilty. Appellant timely perfected his appeal.

## ANALYSIS

Appellant presents one issue by his appeal: whether the trial court erred in sustaining the State's objection to admission of the statement Appellant gave to the police on the day he was arrested.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The admission of evidence in violation of a rule of evidence is considered non-constitutional error. *See* TEX. R. APP. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). We disregard non-constitutional error that does not affect a defendant's substantial rights.

2

*Sopko v. State*, 637 S.W.3d 252, 256–57 (Tex. App.—Fort Worth 2021, no pet.). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Id*. A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but slight effect. *See* TEX. R. APP. P. 44.2(b); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). In making this determination, the appellate court should consider the entirety of the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).

In the present case, Appellant argues that the trial court's exclusion of his statement to police was erroneous. Assuming, without deciding, that Appellant is correct and that the trial court erred in excluding his statement, Appellant wholly fails to establish that he was harmed by the error. In his brief, Appellant does not identify how the exclusion of his statement caused him harm. *See Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (failure to analyze question of harmfulness makes briefing inadequate). Further, the record reflects that Appellant testified that he told police in his first interaction with them that he shot his wife by accident. Thus, the evidence Appellant sought to admit through the statement he gave to police was admitted through his direct testimony. "The standard for the exclusion of cumulative evidence and harmless error dictates that no harm results when evidence is excluded if other similar evidence is admitted." *Mitchell v. State*, No. 07-22-00359-CR, 2023 Tex. App. LEXIS 5253, at *11–12 (Tex. App.—Amarillo

3

July 19, 2023, pet. ref'd) (mem. op., not designated for publication) (citing *Womble v. State*, 618 S.W.2d 59, 62 (Tex. Crim. App. 1981)).  Because evidence that Appellant shot his wife by accident was admitted through his direct testimony, we cannot conclude that Appellant was harmed by the trial court's exclusion of his statement to police.  We overrule Appellant's sole issue.

CONCLUSION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

Judy C. Parker
Chief Justice

Do not publish.

4